UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COLLEN SAMMY,

                Plaintiff,

    v.

FCLS CAR AND LIMOUSINE SERVICES INC.,
FCLS CORP., and WAEL ABD FLATIF

                Defendants.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV - 4 2013 ★
BROOKLYN OFFICE

CV 13-6134

**COMPLAINT**

GARAUFIS, J.
LEVY, M.J.

        Plaintiff COLLEEN SAMMY, by and through her attorneys, alleges follows:

### PARTIES

        1. Plaintiff COLLEEN SAMMY ("Plaintiff") is, and at all material times was, a citizen of the State of New York.

        2. Defendant FCLS CAR AND LIMOUSINE SERVICES INC. (FCLS INC.) is a New York State domestic business corporation with its principal office and place of business at 2644 Borough Place, Woodside NY 11377-7816.

        3. Defendant FCLS CORP. (FCLS) is a New York State domestic business corporation with its principal office and place of business at 2644 Borough Place, Woodside NY 11377-7816.

        4. Defendant WAEL ABD FLATIF (FLATIF) is the chairman/chief executive officer, manager and/or operator of Defendants FCLS INC. and FCLS. Defendant WAEL ABD FLATIF has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff.

1

5. Defendants FCLS INC., FCLS, and FLATIF are herein collectively referred to as "Defendants."

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the Fair Labor Standards Act ("FLSA"), as amended, 229 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction of the claim arising under New York State law pursuant to 28 U.S.C. § 1367(a), in that the New York State law claim is so related to Plaintiff's FLSA claim as to form the same case or controversy under Article III of the United States Constitution.

7. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants maintains their principal place of business in, do business in, and accordingly reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – FLSA)

8. At all relevant times, Defendants were engaged in interstate commerce by providing premier black car limousine services in the tri-state area.

9. On information and belief, at all relevant times Defendants' annually grossed more than $500,000.00.

10. Defendants were "employers" of the Plaintiff as defined in 29 U.S.C. § 203(d) and New York Labor Law § 190(3), and Plaintiff was an "employee" of Defendants as defined in 29 U.S.C. § 203(e)(1) and New York Labor Law § 190(3).

11. In the course of performing her duties, Plaintiff engaged in commerce within the meaning of the FLSA, in that she regularly used the instrumentalities of interstate commerce to perform her work, which was directly essential to Defendants' business, including communicating with Defendants' customers and employees who were located in various states by telephone and using the internet.

12. Defendants employed Plaintiff from in or about October 2012 through April 2013; and from in or about June 2013 through September 2013.

13. Defendants employed Plaintiff as a dispatcher at an hourly rate of $8.00.

14. Defendants generally scheduled Plaintiff to work 6 shifts per week, with each shift scheduled for 12 hours per day.

15. Plaintiff normally was assigned to work from 8 P.M. to 8 A.M.

16. Defendants knew that Plaintiff worked many overtime hours.

17. Defendants usually paid Plaintiff $576 every week, representing 72 hours multiplied by Plaintiff's hourly rate of $8 an hour.

18. Defendants failed to keep accurate and sufficient payroll and time records as required by Federal and State laws.

19. Defendants willfully, knowingly and intentionally failed to pay Plaintiff for overtime worked in excess of 40 hours a week.

20. Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid a rate of one and one half times her hourly rate of pay for all hours worked in excess of 40 hours in a week.

21. Defendants' failure to pay Plaintiff overtime was a willful violation of the FLSA, 29 U.S.C. §207.

22. Pursuant to FLSA, Plaintiff is entitled to recovery of full payment of unpaid wages for hours she worked in excess of 40 hours a week at a rate of one and one half times her hourly rate of pay, FLSA liquidated damages pursuant to 29 U.S.C.A. §216(b), attorney's fees and costs and disbursements of this action.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages - New York Labor Law)

23. Plaintiff repeats and realleges the averments of paragraphs 1-5 and 8-22.

24. Defendants' failure to pay Plaintiff overtime was a willful violation of New York Labor Law §§ 160(3) and 198, and 12 NYCRR 142-2.2.

25. Pursuant to New York Labor Law §§ 160(3) and 198, and 12 NYCRR 142-2.2, Plaintiff is entitled to recovery of full payment of unpaid wages for hours she worked in excess of 40 hours a week at a rate of one and one half times her hourly rate of pay, liquidated damages pursuant to New York Labor Law § 198, prejudgment interest, attorney's fees and costs and disbursements of this action.

**WHEREFORE**, Plaintiff demands Judgment in her favor and against Defendants for;

(a) Full payment of all unpaid overtime wages for hours she worked in excess of 40 hours a week,

(b) An amount equal thereto as liquidated damages as provided in 29 U.S.C.A § 216(b),

(c) Liquidated damages as provided in New York Labor Law,

(d) Attorney's fees and costs and disbursements of this action,

(e) Attorney's fees and costs incurred in enforcing the Judgment as to the New York State claim pursuant to New York Labor Law § 198, paragraph 4,

**(f)** A fifteen percent increase in the amount of the Judgment as to the New York State claim if any amounts remain unpaid upon the expiration of ninety days following the time to appeal the Judgment if no appeal is then pending pursuant to new York Labor Law § 198, paragraph 4, and

**(g)** Such other and further relief as this Court deems necessary and proper.

### Jury Demand

Plaintiff requests a trial by jury on all causes of action and claims with respect to which she has a right to a jury trial.

October 29, 2013

Harrison, Harrison & Associates, Ltd.

_____
David Harrison (DH 3413)
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorney for Plaintiff*