THE PELLEGRINO LAW FIRM
Gregory J. Gallo, Esq.
34-11 Queens Boulevard
Long Island City, NY 11101
(718) 729-4700 Fax (718) 709-7033
gjg@pellegrinolawfirm.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

COLLEEN SAMMY,

                           Plaintiff,

     v.

FCLS CAR AND LIMOUSINE SERVICES INC.,
FCLS CORP., and WAEL ABD FLATIF

                           Defendants.

Case 1:13-CV-06134(NGG)(RML)

---

## MEMORANDUM OF LAW IN OPPOSITION TO AWARDING LIQUIDATED DAMAGES ON BOTH FLSA & NYLL CAUSES OF ACTION

## Contents

**I. Preliminary Statement** ................................................................................................ **4**

**II. Background** ................................................................................................................. **4**

**III. Argument** ................................................................................................................. **5**

**IV. Conclusion** ............................................................................................................... **9**

Cases

*Alejo v. Darna Rest.*, 2010 WL 5249383 (S.D.N.Y. Dec. 17, 2010)...................................... 7
*Carter v. Frito-Lay Inc.,* 419 N.E.2d 1079 (N.Y. 1981) ................................................ 6, 8
*Carter v. Frito-Lay, Inc.* 425 N.Y.S.2d 115 (App. Div. 1st Dep't 1980) ...................... 7, 8
*Chan v. Sung Yue Tung Corp.*, 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007)...................... 7
*Greathouse v. JHS Security, Inc.* 2012 WL 3871523 (S.D.N.Y. Sept. 7, 2012) ............... 8
*Gunawan v. Sake Sushi Restaurant,* 2012 WL 4369754 (E.D.N.Y, Sept. 24, 2012)................ 8
*Jin v. Pac. Buffet House, Inc.*, 2009 WL 2601995 (E.D.N.Y. Aug. 24, 2009)........................ 7
*Paz v. Piedra*, 2012 WL 121103 (S.D.N.Y. Jan. 12, 2012) ............................................. 8
*Wicaksono v. XYZ 48 Corp.*, 2011 WL 2022644, at *7 (S.D.N.Y. May 2, 2011) ...................... 7
*Yin v. Kim*, 2008 WL 906736  (E.D.N.Y. Apr. 1, 2008).......................................... 6, 7, 8

Statutes

1967  N.Y. ST. LEGIS. ANN. 184 ........................................................................... 7
2009 N.Y. Sess. Laws c. 372, § 1 (McKinney) ................................................... 8
Civil Procedure Law and Rule 901(b)............................................................... 6
Fair Labor Standards Act ...................................................................................... 5
    29 U.S.C. § 207(a); ....................................................................................... 5
    29 U.S.C. § 260 .............................................................................................. 5
    29 U.S.C. §§ 201 ............................................................................................ 4
N.Y. Comp. Codes R. & Regs. Title. 12, § 146-1.4 ....................................... 5
N.Y. Lab. Law § 198(1-a). .......................................................................... 5, 8
New York Labor Law§§ 650 *et seq* ............................................................... 5

Treatises

Alexander J. Callen, *Avoiding Double Recovery:  Assessing Liquidated Damages in Private Wage and Hour Actions Under The Fair Labor Standards Act and The New York Labor Law,* 81 FORD. L. REV. No. 4, 1881, 1902 ........................................................ 7
James F. Sullivan, Esq., *Can You Recover Exemplary (Double) Damages Under Both The FLSA And The CMWA?* Labor and Employment Law Quarterly, CONNECTICUT BAR ASSOCIATION, Winter/Spring 2010, Vol. 16, Issue 1, at 15 .................................. 8

## I. Preliminary Statement

The Plaintiff brought this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* and New York Labor Law§§ 650 *et seq.* ("NYLL") to recover unpaid overtime compensation. In her complaint, the Plaintiff alleged that she regularly worked more than forty hours per week but the Defendants failed to pay her the overtime premiums required by the FLSA and NYLL.  From approximately November 2012[1] through April 2013 and thereafter from June until the first week of September 2013, Plaintiff worked as a dispatcher for FCLS Car and Limousine Services, Inc.  Plaintiff claims she was paid an hourly rate of $8.00 for 72 hours worked each week. The parties agree that the Plaintiff was paid in cash. The Defendants testified that the Plaintiff requested cash payments and that it paid the Plaintiff $500.00 cash each week.

## II. Background

During a two-day damage hearing, it was established that the Defendant FCLS Car and Limousine Services, Inc., employed Plaintiff as a dispatcher for their car service and limousine business.  The Plaintiff testified that during her tenure she regularly worked from approximately 8 P.M. to 8 A.M. Tuesday through Sunday (approximately 72 hours per week), with no lunch breaks, whereas the Defendants' manager testified that Ms. Sammy[2] worked six-hour nights, at first six days a week, with her off-day on Monday, and thereafter five days a week, adding Sunday as an off-day.

---

[1] Plaintiff alleges to have begun her employment in October 2012, however, she first applied for the position at the time she completed an Application for Employment on November 7, 2012, Defendant's Exhibit 1.
[2] Colleen Sammy is formerly known as Colleen O'Neill, and is referenced as Ms. O'Neill in the documents produced at the hearing.

4

### III. Argument

PLAINTIFF IS NOT ENTITLED TO LIQUATED DAMAGES UNDER FLSA & NYLL

The Plaintiff seeks liquidated damages for both her state and federal claims alleging underpayment of overtime wages.

Liquidated damages under the NYLL

The Plaintiff has requested $6,016.00 in liquidated damages for unpaid overtime compensation pursuant to NYLL §198 (1-a). An employer who violates the overtime provisions of the NYLL is liable to the underpaid employee for 100%[3] of the unpaid wages as liquidated damages, in addition to back-pay, "unless the employer proves a good faith basis for believing that it's underpayment of wages was in compliance with the law." N.Y. Labor Law § 198(1-a).

Liquidated damages under the FLSA

The plaintiff has also requested $6,016.00 in liquidated damages for unpaid overtime compensation to pursuant to FLSA. Employees who prevail in actions to recover unpaid minimum wages or overtime are generally entitled to liquidated damages in an amount equal to the award of unpaid wages (100%). 29 U.S.C. § 260.

Both the FLSA and the NYLL require that employees receive a wage at least equal to 150% of their regular rate of pay for those hours worked in excess of 40 hours per workweek. See 29 U.S.C. § 207(a); N.Y. Comp. Codes R. & Regs. Title. 12, § 146-1.4.  Therefore, Defendants are liable under both federal and New York State law to Plaintiff for back-pay to the extent that Defendants failed to pay her the proper overtime rate.

---

[3] **NY Labor Law Provides for liquidated damages equal to 100% of the unpaid compensation since April 2011, whereas before that time, liquidated damages were limited to 25% of the unpaid compensation.**

Notwithstanding finding liability under both federal and state statutes for back-pay, District courts have disagreed on the question of whether a Plaintiff may recover liquidated damages under both the FLSA and the NYLL for the same violations. Compare *Alejo v. Darna Rest.*, 2010 WL 5249383, at *5 (S.D.N.Y. Dec. 17, 2010), modified on other grounds, 2011 WL 165413 (S.D.N.Y. Jan. 18, 2011), *Chan v. Sung Yue Tung Corp.*, 2007 WL 313483, at *28–29 (S.D.N.Y. Feb. 1, 2007), *Jin v. Pac. Buffet House, Inc.*, 2009 WL 2601995, at *9 (E.D.N.Y. Aug. 24, 2009), and *Yin v. Kim*, 2008 WL 906736, at *1, 7 (E.D.N.Y. Apr. 1, 2008), which awarded liquidated damages only under the statute that offered greater recovery when the FLSA and the NYLL overlapped, with *Wicaksono v. XYZ 48 Corp.*, 2011 WL 2022644, at *7 (S.D.N.Y. May 2, 2011) (awarding liquidated damages for same violations under both the NYLL and the FLSA).

Courts that have awarded both FLSA and the NYLL liquidated damages have done so by finding that FLSA liquidated damages are "compensatory" while NYLL liquidated damages are "punitive" and, thus the two are mutually exclusive. The punitive nature of NYLL liquidated damages derives from *Carter v. Frito-Lay, Inc.* 425 N.Y.S.2d 115, 116 (App. Div. 1st Dep't 1980), *aff'd*, 419 N.E.2d 1079 (N.Y. 1981). In a two-page opinion, the New York Appellate Division, First Department, concluded that New York's Civil Procedure Law and Rule 901(b) prohibits class recovery of liquidated damages under the 1967 Version, because such damages constitute a "penalty." The court provided two reasons for rejecting arguments that the 1967 Version's liquidated damages constituted purely additional compensation. First, the court relied on the 1967 Version's text, observing that recovery is "expressly conditioned on a finding of willful conduct on the part of the employer." Second, the court cited the statute's legislative history, specifically characterizing a memorandum that Governor Nelson A. Rockefeller issued upon signing the 1967

Version into law as "pointedly refer[ing]" to a deterrent and retributive scheme. *Carter*, 425

N.Y.S.2d at 116.   The court quoted the memorandum, stating that the provision is a "stronger

sanction against an employer for willful failure to pay wages . . . [and] should result in greater

compliance with the law." *See id.* (alterations in original) (quoting Administration Memorandum,

*reprinted in* 1967  N.Y. ST. LEGIS. ANN. 184). The court concluded, "It is clear that liquidated

damages as provided in this statute, and especially as viewed in this context, constitute a penalty."

*Id.* In a two-sentence opinion, the New York Court of Appeals affirmed the decision "for reasons

stated in the memorandum at the Appellate Division." Carter v. Frito-Lay Inc., 419 N.E.2d 1079,

1079 (N.Y. 1981).   Alexander J. Callen, *Avoiding Double Recovery:   Assessing Liquidated*

*Damages in Private Wage and Hour Actions Under The Fair Labor Standards Act and The New*

*York Labor Law,* 81 FORD. L. REV. No. 4, 1881, 1902.


However, the United States District Court for the Eastern District of New York held that

the argument that the FLSA was compensatory while NYLL was punitive and therefore the

Plaintiff was entitled to both was not persuasive. *Yin v. Kim*, 2008 WL 906736 (2008).  In a review

of the *Yin v. Kim* decision, James F. Sullivan, Esq., wrote that:

> "Because FLSA eliminated the "compensatory" nature of the damages if it is
> shown that the employer made a good faith effort with respect to determining its
> obligations regarding minimum wage, the showing of a culpable mind (conversely,
> the inability of the employer to show its good faith) indicates the FLSA is actually
> punitive in nature as opposed to compensatory."
>
> "Therefore, if FLSA is "compensation" that the liquidated damages so available
> address the same state statute harm -- namely, the harm caused by the defendant's
> culpable state of mind -- it would be improper to award the plaintiff both forms of
> compensation for the same harm.  The *Yin* Court awarded damages to the plaintiff
> under the New York Statute and no liquidated damages on the FLSA claim."  James
> F. Sullivan, Esq., *Can You Recover Exemplary (Double) Damages Under Both The*

*FLSA And The CMWA?* Labor and Employment Law Quarterly, Connecticut Bar Association, Winter/Spring 2010, Vol. 16, Issue 1, at 15.

Like the FLSA, NYLL (§ 198(1-a), as amended in 2009, effective April 11, 2011), makes liquidated damages presumptively available, unless the employer affirmatively proves that it acted in good faith. See 2009 N.Y. Sess. Laws c. 372, § 1 (McKinney); N.Y. Lab. Law § 198(1-a). "To the extent the federal and state statutes now provide for essentially identical remedies with respect to liquidated damages, it is harder to argue that they are designed to compensate a plaintiff for disparate harms." *Gunawan v. Sake Sushi Restaurant,* 2012 WL 4369754 at *9 (E.D.N.Y, Sept. 24, 2012). Thus, the two statutes not only address the same harm, but have a substantially similar application for their liquidated damage provisions. Invoking both statutes for the same harm ultimately results in a double recovery for an employee, which is impermissible under New York law.

Conversely, those Courts that have held that "[E]mployees are not entitled to recover liquidated damages under both the NYLL and the FLSA [have done so] because "[l]iquidated damages under both statutes 'compensate the exact same harm – namely, the harm caused by the defendant's culpable state of mind,'" *Greathouse v. JHS Security, Inc.* 2012 WL 3871523, at *13 (S.D.N.Y. Sept. 7, 2012), citing *Paz v. Piedra*, 2012 WL 121103, at *12 (S.D.N.Y. Jan. 12, 2012) (quoting *Yin*, 2008 WL 906736, at *7) (brackets omitted)." The tendency of awarding liquidated damages for both federal and state claims in New York will likely abate since, like FLSA, the current version of the NYLL also allows an employee to recover 100% of unpaid wages as liquidated damages, resulting in further overlapping of the state and federal statutes.

**IV. Conclusion**

      The Court should award liquidated damages under FLSA or NYLL, but not both, if it

determines the Defendants violated the applicable overtime premium wage law.

Dated: November 25, 2014

                          _____
Gregory J. Gallo (GG-4359)
The Pellegrino Law Firm
475 Whitney Avenue
New Haven, Connecticut 06511
(203)787-2225 Fax (203) 777-2096
gjg@pellegrinolawfirm.com

9

CERTIFICATE OF SERVICE


I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Connecticut, using the CM/ECF System. The Court's CM/ECF will send an email notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.


Dated: November 25, 2014

By:   /s/ Gregory J. Gallo   (4359)
      GREGORY J. GALLO
      The Pellegrino Law Firm
      475 Whitney Avenue
      New Haven, Connecticut 06511
      (203)787-2225 Fax (203) 777-2096
      gjg@pellegrinolawfirm.com

**10**