UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
COLLEN SAMMY,                                        :
                                                    :
                    Plaintiff,                      :
                                                    :    Case 1:13-CV-06134 (NGG) (RML)
                              v.                     :
                                                    :
                                                    :
                                                    :
FCLS CAR AND LIMOUSINE SERVICES INC.,               :
FCLS CORP., and WAEL ABDELATIF                      :
                                                    :
                    Defendants.                     :
---------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN OPPOSITION TO AWARDING LIQUIDATED DAMAGES ON BOTH FLSA & NYLL CAUSES OF ACTION

### I. Introduction

Plaintiff filed her original Complaint in this action stating claims under both the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") and the New York Labor Law ("NYLL") on November 4, 2013. Defendants defaulted and a certificate of default was issued by the Clerk of Court on January 21, 2014. This Court held two damages hearings at which the Plaintiff, the Defendant, and two witnesses testified.

Based on the testimony at the first damages hearing held on June 23, 2014, Plaintiff submitted a request for damages which includes $6,208.00 in liquidated damages for claims pursuant to the FLSA and $7,774.00 in liquidated damages for damages for claims pursuant to the NYLL.[1] Defendants have now moved against awarding liquidated damages on both the FLSA and the NYLL cause of action.

---

[1] Defendant mistakenly reported that Plaintiff requested $6016.00 in liquidated damages on claims under the FLSA and an additional $6016.00 in liquidated damages on claims under the NYLL. (Def's Mem. Opp'n, 5, ECF No. 26.)

1

Defendants defaulted and thus have admitted their liability for the violations of the FLSA and the NYLL alleged in the Complaint. *Finkel v. SMC Elec. Contracting, Inc.*, 2013 WL 4070193, at \*3 (E.D.N.Y. Aug. 12, 2013) (*adopting* Report and Recommendation of J. Levy) ("It is well settled that, upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.") Moreover Defendants have not argued that any violations of the FLSA or NYLL were made in good faith and that therefore Plaintiff is not entitled to liquidated damages. In fact, Defendants explicitly state that "[t]he Court should award liquidated damages under FLSA or NYLL, but not both" for violations of the FLSA and the NYLL. (Def's Mem. Opp'n, 9, ECF No. 26.)

## II. Plaintiff is Entitled to Liquidated Damages Under Both the FLSA and the NYLL

Plaintiff should be awarded liquidated damages for her claims pursuant to both the FLSA and the NYLL because the liquidated damages provisions of each statute serve different purposes. While courts are divided on whether to provide cumulative liquidated damages awards, it "appears to be the majority approach" in this district that such awards are appropriate. *Hernandez v. Punto y Coma Corp.*, 2013 WL 4875074, at \*8 (E.D.N.Y., Sept. 11, 2013) (*adopting* Report and Recommendation of J. Levy); *See also Mendez v. Casa Blanca Flowers, Ltd.*, 2014 WL 4258943, at \*4 (E.D.N.Y. July 8, 2014) ("While some courts have declined to award liquidated damages under both statues, the majority view is that prevailing plaintiffs may recover liquidated damages under both the FLSA and the NYLL."); *Shin Won Kang v. Inno Asset Development, LLC*., 2011 WL 1674554, at \*4 (E.D.N.Y. Jan. 28, 2011) (The Second Circuit has distinguished the purpose of liquidated damages pursuant to the FLSA and NYLL, thereby allowing courts, in their discretion, to award both."

2

Liquidated damages pursuant to the FLSA "are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation." *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999) (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583–84, (1942). Because a Plaintiff who has received liquidated damages for a claim under the FLSA has already been compensated for the delay, Plaintiffs cannot recover an award of prejudgment interest for claims for which they have received FLSA liquidated damages. *See Carrasco-Flores v. Comprehensive Health Care and Rehabilitation Services LLC,* 2014 WL 4954629, at *7 (E.D.N.Y. Oct. 2, 2014). Defendants' attempts to characterize liquidated damages pursuant to the FLSA as punitive is misguided and runs against the weight of well accepted law. (*See* Def's Mem. Opp'n, 7 (quoting *FLSA And The CMWA?* Labor and Employment Law Quarterly, CONNECTICUT BAR ASSOCIATION, Winter/Spring 2010, Vol. 16, Issue 1, at 15.).)

As Defendants explain, liquidated damages pursuant to the NYLL are in fact  punitive in nature. (Def's Mem. Opp'n, 6-7.) This distinction in the purposes of the NYLL and the FLSA liquidated damages provisions is highlighted in the context of prejudgment interest. In contrast to FLSA liquidated damages, "the Second Circuit has held that '[p]rejudgment interest and liquidated damages under [the NYLL] are not functional equivalents' because liquidated damages awarded pursuant to the NYLL are punitive in nature." *Carrasco-Flores*, 014 WL 4954629, at *7 (citing *D'Arpa v. Runway Towing Corp.*, 2013 WL 3010810, at *26 (E.D.N.Y. June 18, 2013), (quoting *Reilly v.Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir.1999))).

3

## Conclusion

Plaintiff should be awarded liquidated damages for her claims under both the FLSA and the NYLL because each statute compensates for different harms with its liquidated damages provision.

December 9, 2014                         Harrison, Harrison & Associates, Ltd.

David Harrison
Julie Salwen
110 Highway 35, 2nd Floor
Red Bank, NJ  07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorneys for Plaintiff*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2014, I electronically filed the foregoing with the Clerk of the Court for the Eastern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Julie Salwen, Esq.

5